**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KENNEDY INDUSTRIES, INC. | : | CIVIL ACTION - LAW |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | No. 04-CV- 5967 |
| | : | |
| BRIAN APARO, et al. | : | |
| | : | |
| Defendants. | : | Jury Trial Demanded |

**MOTION OF PLAINTIFF KENNEDY INDUSTRIES, INC.**
**FOR AN ORDER HOLDING CERTAIN DEFENDANTS IN CONTEMPT OF**
**THE FEBRUARY 24, 2006 ORDER OF THE COURT AND GRANTING RELIIEF**
**PURSUANT TO FED. R. CIV. P. 37(d)(2)**

Plaintiff Kennedy Industries, Inc. ( "Kennedy ")," by and through its undersigned

counsel, hereby moves the Court for an Order holding in contempt of the Court s '

February 24, 2006 Order compelling discovery defendants Driving Force, Inc. and its

principals (defendants Brian Aparo, James Gaffney, and Jon Gaffney), David Wilich,

Ken Chertow s Wear and Gear, Wrestling Central, National Outfitters, Athletic Dealers

of America, Schuylkill Valley Sports, Sports, Inc., Brian Burychka, NHSCA Outfitters,

Bethlehem Sporting Goods, Imbody, Inc., Purely Solutions, LLC, and Imbody-Purely

Solutions (sometimes hereinafter referred to as "These Defendants ")." As relief, Kennedy

requests that an Order be entered pursuant to Fed. R. Civ. P. 37(d)(2)(A)-(D), to: 1)

establish for purposes of the action the matters covered by the discovery requests that are

the subject of the February 24, 2006 Order in accordance with Kennedy s 'claims [Rule

37(d)(2)(A)]; 2) refuse to allow These Defendants to support their alleged defenses [Rule

37(d)(2)(B)]; 3) oppose Kennedy s 'claims [Rule 37(d)(2)(B)]; 4) introduce evidence in

their defense [Rule 37(d)(2)(B)]; 5) strike out defenses in their pleadings [Rule

37(d)(2)(C); and 6) award Kennedy's reasonable expenses, including attorneys' fees and costs incurred in connection with preparing and prosecuting this Motion and two related prior motions for contempt, to compel and for sanctions filed on January 9, 2006 (Docket No. 114) and February 1, 2006 (Docket Nos. 119 and 122) [Rule 37(d)(2)].  In support of this Motion, Kennedy states as follows:

1.      Kennedy began its discovery efforts more than a year ago, in March 2005, at the earliest time permitted under the Federal Rules of Civil Procedure.

2.      On February 10, 2006, These Defendants consented to the entry of an Order which compelled them to meet their long-outstanding discovery obligations in this case.  A copy of the Order, which was approved by the Court on February 24, 2006 (Docket No. 125), is hereinafter referred to as the  February 24, 2006 Order  and is included in Exhibit A attached hereto.

3.      The February 24, 2006 Order resolved Kennedy's February 1, 2006 motion to compel and for sanctions (Docket Nos. 199 and 122) and was issued following a long history of contemptuous conduct by the defendants and their disregard for the discovery deadlines in the case.  This history is documented in the record by various letters from Kennedy's counsel to defendants' counsel and the Court, as well as by Kennedy's motions for contempt which were the subject of hearings and conferences before the Court in 2005.  More recently, Kennedy's motions for contempt, to compel and for sanctions filed on January 9, 2006 (Docket No. 114) and February 1, 2006 (Docket Nos. 119 and 122) set forth the undisputable facts clearly showing that These Defendants had more than a fair opportunity to provide discovery and produce materials

supporting any defenses they alleged in their answers.  For example, the Court may recall:

> - The promises made by These Defendants and confirmed in writing on October 28, 2005 and November 7, 2005, that they would provide the subject discovery.  Kennedy's counsel followed up with These Defendants, but to no avail.

> - The January 13, 2006 conference call with the Court in which These Defendants assured the Court that their violations of the Permanent Injunction would cease immediately and that they would provide answers and all responsive documents in response to Kennedy's discovery within 10 days, or by January 23, 2006.  Based on those promises, Kennedy's January 9, 2006 motion for contempt and to compel discovery was denied without prejudice (Docket No. 117).

4.      The February 24, 2006 Order should be the end of the road for These Defendants.  They failed to honor their promises to the Court made during the January 13, 2006 conference call and have deliberately disobeyed the Court's February 24, 2006 Order.  These Defendants signed the Order on February 10, 2006, thereby agreeing to provide the discovery by March 2, 2006 (see the Order included with Exhibit A; Docket No. 125).  The Order also extended the discovery period by 90 days.  Despite having this additional time, These Defendants again failed to timely respond to Kennedy's discovery.  Instead, they ignored the Court's Order.

5.      At 11:45 PM on March 16, 2006, counsel for These Defendants sent an email to Kennedy's counsel requesting Kennedy's consent to an extension of the deadline of a "few more days."  See the March 16, 2006, 11:45 PM email, and Kennedy's counsel

response attached as Exhibit B(Part 1) and Exhibit B(Part2), respectively.  The email was received by Kennedy's counsel the following day, after the Court ordered deadline had already expired.  Kennedy did not object to a few days, however, it is now almost three months since These Defendants dodged Kennedy's last motion for sanctions (Docket No. 119), and agreed to comply with discovery which has been pending for more than a year (Docket No. 125).  As documented in Kennedy's last motion to compel and for sanctions (Docket Nos. 119 and 122), These Defendants have also refused to cooperate with the scheduling of depositions.

6.     On March 29, 2006, counsel for Kennedy wrote to counsel for These Defendants requesting their compliance with the February 24, 2006 Order.  A copy of Kennedy's counsel's March 29th letter is attached as Exhibit C.  Despite that letter, These Defendants failed to comply and continued to ignore the Court's Order.

7.     On March 30, 2006, counsel for Kennedy received notice from Magistrate Rueter scheduling a settlement conference.  On that same date, Kennedy's counsel again wrote to counsel for These Defendants and advised that in light of the settlement conference scheduled for April 28th (which, at the request of the defendants, has been moved to May 4th), the discovery responses must be received no later than April 5th.  A copy of Kennedy's counsel's March 30th letter is attached as Exhibit D.  This request was also ignored by These Defendants.

8.     On April 5, 2006, counsel for Kennedy wrote to the Court, advising that These Defendants have failed to comply with the February 24, 2006 Order and indicated that Kennedy "once again is at the point of having to file a motion to obtain certain defendants' compliance with an Order of the Court."  A copy of Kennedy's counsel's

4

April 5th letter to the Court (attached as <u>Exhibit A</u>) was sent to counsel for These Defendants.  However, These Defendants ignored that letter as well.

9.      On April 7, 2006, counsel for Kennedy wrote to counsel for These Defendants to again request their compliance with the February 24, 2006 Order.  A copy of the April 7th letter is attached as <u>Exhibit E</u>.  Like the preceding letters, this one was also ignored by These Defendants.[1]

10.     Kennedy has made good faith efforts throughout this litigation to resolve discovery issues and defendants' actions in contempt of the Court's Permanent Injunction.  However, These Defendants have repeatedly and deliberately ignored all discovery deadlines and have willfully violated the Court's February 24, 2006 Order. Having had more than ample time to comply with discovery that has been <u>pending for as much as 13 months</u>, These Defendants are out of time and must now suffer sanctions pursuant to Fed. R. Civ. P. 37(b)(2) for their collective failure to comply with this Court's Order.

11.     Rule 37(b)(2) provides that:

**(2)  Sanctions by Court in Which Action is Pending.**  If a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule [(Motion for Order Compelling Disclosure or Discovery)] . . ., the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

---

[1]      Kennedy's counsel's April 7th letter also requested These Defendants to provide proof of the actions they have taken to remove from the internet various false claims regarding the product 99 for which they are responsible, as they agreed to do in response to Kennedy's contempt motions.  For example, all defendants, including These Defendants, advised the Court and Kennedy during conference calls with respect to Kennedy's contempt motions that they would remove the programming and search prompts containing their false claims about 99 from all search engines and their websites, and make arrangements with internet organizations and websites such as Google to have their false claims removed from the internet.  These Defendants failed to respond to Kennedy's counsel's April 7th letter or show any evidence of their compliance with their promises.  Kennedy reserves the right to seek all damages against defendants which have failed to comply in this regard.

(A)  An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B)  An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

(C)  An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

(D)  In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

. . . .

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney s 'fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

12.    The record in this case supports the entry of an Order against These Defendants under Rule 37(b)(2)(A)-(D).  These Defendants have all already been found by the Court to have violated the Lanham Act.  Memorandum Opinion dated July 22, 2005, at page 13 (Docket No. 59).  They have had more than ample opportunities to provide discovery, and their failure to do so by this late date (with less than a month remaining before discovery closes) has prejudiced Kennedy.

13.    Even if These Defendants hereafter provide late responses to discovery, there is not enough time to consider them, take follow up discovery and depositions of These Defendants, and obtain deposition transcripts that will need to be reviewed and analyzed by Kennedy s 'damages expert.  In fact, Kennedy believes that is exactly what These Defendants planned all along to do; they have engaged in an effort to prevent discovery in an effort to run the clock.  They should not be permitted to use that litigation

tactic for any advantage and in contempt of this Court's Order and their repeated express promises to the Court.

14.     These Defendants' failure to produce discovery is willful and contrary to their express representations repeatedly made to the Court, and is in contempt of the Court's February 24, 2006 Order.  Accordingly, These Defendants are out of time and must suffer the consequences of their willful and deliberate misconduct.  An appropriate Order under Rule 37(b)(2)(A)-(D) should be entered as follows:

(i)     Holding These Defendants in contempt of the Court's February 24, 2006 Order compelling discovery [Rule 37(b)(2)(D)];

(ii)    Establishing for purposes of the action the matters covered by the discovery requests that are the subject of the February 24, 2006 Order in accordance with Kennedy's claims [Rule 37(d)(2)(A)];

(iii)   Refusing to allow These Defendants to support alleged defenses, oppose Kennedy's claims, and introduce evidence in their defense [Rule 37(d)(2)(B);

(iv)    Striking out all defenses in their pleadings [Rule 37(d)(2)(C)];

(v)     Awarding Kennedy's reasonable expenses, including attorneys' fees and costs incurred in connection with preparing and prosecuting this Motion and two related prior motions for contempt, to compel and for sanctions filed on January 9, 2006 (Docket No. 114) and February 1, 2006 (Docket Nos. 119 and 122) [Rule 37(d)(2)], upon Kennedy's application to the Court.

WHEREFORE, Kennedy respectfully requests that an Order be entered in the form attached.

Respectfully submitted,

BERKOWITZ · KLEIN, LLP

/s/ Robert A. Klein

Date:  April 22, 2006                 By :  _____

Robert A. Klein, Esquire
Gerald S. Berkowitz, Esquire
629 B Swedesford Road
Swedesford Corporate Center
Malvern, PA  19355-1530
610-889-3200

Attorneys for Plaintiff
Kennedy Industries, Inc.